**The STATE of Ohio, Appellant,**

**v.**

**LAUNER, Appellee.**

[Cite as *State v. Launer* (1995), 107 Ohio App.3d 42.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APA05–526.

Decided Oct. 24, 1995.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Katherine Press*, Assistant Prosecuting Attorney, for appellant.

*Reinhart Law Offices* and *Harry R. Reinhart,* for appellee.

———

Tyack, Judge.

On January 25, 1995, Jerrold Launer filed an application for expungement of his record in case No. 90CR–08–3887 in the Court of Common Pleas for Franklin County, Ohio. In response, the Office of the Prosecuting Attorney for Franklin County, Ohio, filed an objection alleging that Launer was ineligible for expungement because the "relevant conviction was non-probationary under § 2951.02(F) O.R.C." Counsel for Launer responded that Launer had been convicted of vandalism as defined in R.C. 2909.05. Vandalism usually is a probationable offense and expungement had clearly been contemplated at the time Launer was convicted. At the time of Launer's original sentencing, no objection to his anticipated application for expungement had been suggested or lodged by the office of the prosecuting attorney.

An abbreviated hearing on the application for expungement was ultimately conducted on April 4, 1995. At the conclusion of the hearing, the judge assigned to hear the case, who was a different judge than the individual who originally sentenced Launer, ordered that the record be expunged. The state of Ohio has appealed, assigning a single error for our consideration:

"The trial court errs by ordering a record of conviction sealed when the conviction is for a non-probationable offense."

The judge who ordered the expungement in the trial court relied upon the judgment entry which reflected the entry of a guilty plea and the sentence imposed. The judgment makes no mention of the vandalism charges being probationable or nonprobationable. The same judge did not feel that he was at liberty to go behind the judgment entry, and so refused to hear sworn testimony or to accept evidence on the facts surrounding the offenses to which Launer pled guilty. The office of the prosecuting attorney proffered a transcript of the plea and sentencing proceedings. In that transcript, Launer is quoted as accepting responsibility for shooting at a parked police cruiser. Since a firearm was involved in the commission of the offense, the offense as to the police cruiser was nonprobationable.

We think that the better rule is for the judge who is reviewing an application for expungement to be permitted to ascertain the facts underlying the conviction and to apply the law to the facts of the case. Had the judge felt at liberty to make this factual inquiry, he would have discovered that Launer was not eligible for probation at the time of sentencing because he used a firearm in committing a felony. Under the circumstances, he was not eligible for expungement.

The assignment of error is sustained. The judgment of the trial court as to expungement is reversed and the cause is remanded to the trial court with instructions to deny the application.

*Judgment reversed*
*and cause remanded.*

DESHLER and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.